# Foringer *v.* New Kensington Stone Company, Appellant.

*Master and servant—Contract of employment—Wrongful discharge—Corporation—Earnings after discharge.*

1. In an action against a corporation to recover for a breach of a contract of employment, the plaintiff testified that his contract was for three years, and that he had made it with the secretary and the president of the company, and that all of the directors had knowledge of it; that he had entered upon his duties without anyone making objection, and after serving a year and receiving the stipulated compensation had been discharged without cause in a letter expressly recognizing a contract of employment. The defendant asked the court to charge that a "party seeking compensation from a corporation under a contract made with an officer of the corporation, for a breach of the contract, and not for services actually rendered, the corporation must not only establish the contract, but must also establish the authority of the said officer to make the contract." The trial judge said: "Under the facts in this case this point is denied." *Held*, not to be error.

2. In such a case the issue submitted for the determination of the jury was not whether there was a contract of employment, but it was as to what that contract actually was, and as to its extent. The point submitted, therefore, had no specific application to the precise issue that was being tried.

3. In an action to recover for the breach of a contract of employment, it appeared that the plaintiff was employed for three years, and that he was; as he alleged, discharged without cause at the expiration of one year. He acknowledged that he secured another position, and that he earned a certain sum, but that he had given up the position when he expected his case against the defendant to come on for trial. A verdict was rendered in favor of the plaintiff, and the trial judge reduced it by deducting therefrom the amount admitted to have been earned after the discharge. *Held*, that the judgment should be reversed, inasmuch as the admission of the plaintiff that he had secured other employment, which he might have retained, should have been submitted to the jury with the same force and effect as though it had been proven by the defendant.

*Evidence—Depositions—Exclusion of deposition.*

4. A deposition is properly excluded where it appears that the witness is a resident of the county and no reason is shown for his absence from court.

*Appeals—Assignments of error—Evidence—Reference to page of appendix.*

5. An assignment of error to the exclusion of testimony must refer to the page of the appendix of the paper-book where the matter can be found.

Argued Oct. 14, 1908. Appeal, No. 93, Oct. T., 1908, by defendant, from judgment of C. P. Butler Co., March T., 1907, No. 25, on verdict for plaintiff in case of Joseph W. Foringer v. New Kensington Stone Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

· Assumpsit to recover for breach of a contract of employment. Before GALBREATH, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant presented the following points:

2. A party seeking compensation from a corporation, under a contract made with an officer of the corporation, for a breach of the contract and not for services actually rendered the corporation, must not only establish the contract, but must also establish the authority of the said officer to make the contract. *Answer:* Under the facts in this case, this point is denied. [1]

5. If the jury should find that the contract of hiring was for the term of three years, and the plaintiff discharged without sufficient cause, the measure of damages in this action could not be greater than the plaintiff's salary under the contract from December 1, 1906, the time bringing this action, less what he may have earned or could reasonably have earned during that period. *Answer:* This point is refused. [2]

6. Under all the evidence in this case, the verdict must be for the defendant. *Answer:* Refused. [3]

Plaintiff presented this point:

The court is respectfully requested to say to the jury that if they find the defendant company contracted with the plaintiff for his services for the period of three years and discharged him without just cause before the expiration of the term, the plaintiff is entitled to recover the full amount he would have received had he remained with the defendant for the full term,

and in this case the defendant company is not entitled to any credit or mitigation of damages by reason of any money the plaintiff earned or may have earned of other labor of a different nature from that he had engaged to perform. *Answer:* This point is affirmed. [4]

The jury returned a verdict for the plaintiff for $3,291.75. From this the court deducted the sum of $720, the amount admitted to have been earned by the plaintiff after his discharge. Judgment was then entered for $2,571.75. Defendant appealed.

*Errors assigned* were (1, 4) above instructions, quoting them; (5) exclusion of deposition referred to in the opinion of the Supreme Court.

*John H. Wilson,* with him *W. B. Purvis* and *J. J. McAfee,* for appellant.—The plaintiff in order that he may succeed in holding the corporation liable for the breach of a contract of hiring, alleged to have been made with one of its officers, and not for services actually rendered, the burden of proof is on him not only to prove the contract in all its terms, but he must also prove that the officer in making it acted within the scope of his authority: Bedford R. R. Co. v. Bowser, 48 Pa. 29; Wayne Title & Trust Co. v. Ry. Co., 191 Pa. 90; Worthington v. Ry. Co., 195 Pa. 211; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Twelfth St. Market Co. v. Jackson, 102 Pa. 269; Whiting v. Lake, 91 Pa. 349; Central Penna. Telephone, etc., Co. v. Thompson, 112 Pa. 118; Allegheny County Workhouse v. Moore, 95 Pa. 408; Penna. Nat. Gas Co. v. Cook, 123 Pa. 170; Boyd v. American Carbon Black Co., 182 Pa. 206; Bangor & Portland Ry. Co. v. Slate Co., 203 Pa. 6; Oil Creek, etc., R. R. Co. v. Penna. Trans. Co., 83 Pa. 160.

It appears to be well settled that prima facie the measure of damages for a breach of a contract of hiring for an entire term is the compensation agreed upon in the contract, and to be as well settled that the defendant may prove in mitigation of damages the amount earned by the plaintiff since the breach and during the term: King v. Steiren, 44 Pa. 99; Emery v. Steckel, 126 Pa. 171.

*Clarence Walker*, with him *W. Z. Murrin* and *John Murrin*, for appellee.—A corporation may not avail itself even of ultra vires as a defense when a contract has been entered into and executed in good faith by the other party, and the corporation has received the full benefit of the performance. This principle also applies where a corporate officer has entered into a contract without corporate leave and a corporation has received the benefit of his contract: Pannebaker v. R. R. Co., 219 Pa. 60.

That where one is hired for a definite period and discharged without cause he is prima facie entitled to recover the stipulated compensation for the whole term, and if he was engaged in other profitable employment or such employment was offered him and refused, that fact might be shown in mitigation of damages: King v. Steiren, 44 Pa. 99; Emery v. Steckel, 126 Pa. 171; Heyer v. Piano Company, 6 Pa. Superior Ct. 504; Wolf v. Studabaker, 65 Pa. 459.

OPINION BY MR. JUSTICE POTTER, January 21, 1909:

In this case the terms of a contract of employment were in dispute. The verdict of the jury established the fact that plaintiff had a contract with the defendant company for a fixed term of three years, and that he was discharged without cause, at the end of one year of the term. Suit was brought and the case was tried more than a year prior to the expiration of the contract. The plaintiff admitted on the trial that after his discharge by the defendant company he secured employment in a like capacity elsewhere, by which he earned the sum of $720 and that he quit that employment of his own accord. The trial judge reduced the verdict by deducting therefrom the amount admitted to have been earned after the discharge.

Appellant complains, in the first assignment of error, of the refusal of its first point for charge to the jury which was as follows: "A party seeking compensation from a corporation under a contract made with an officer of the corporation, for a breach of the contract and not for services actually rendered the corporation, must not only establish the contract, but must also establish the authority of the said officer to make the contract." The trial judge answered it by saying, "under the facts of this

case, this point is denied." Considered in the abstract, the point presented a sound proposition of law. But in this instance it appears that the plaintiff testified that his contract was made with the secretary and the president of the company, and that all the directors had knowledge of it. That while the proposition was pending the company wrote that he would hear from them when the water question was settled, and later it wrote to him, "Relative to your verbal proposition to our company, have every reason to believe we will accept same unless it would be in regard to boarding house." When the proposition was accepted, and plaintiff entered upon his duties, no objection was made on the part of anyone in the company. His services were rendered and accepted throughout the year, and the letter written to him at its expiration telling him he would not be needed after December 1, 1906, expressly recognized a contract of employment. After having had the benefit of his services and making to him the stipulated compensation for the first year, the company could not repudiate the contract which had been made by its officers. In fact the issue submitted for the determination of the jury was not whether there was a contract of employment, but it was as to what that contract actually was, and as to its extent. The point submitted, therefore, had no specific application to the precise issue which was being tried, and there was no error in refusing to instruct the jury in the manner requested.

In the second assignment of error, complaint is made of the refusal to instruct the jury that the amount earned by plaintiff after his discharge, or that which he could reasonably have earned elsewhere, during the term for which the contract was to run, should be deducted from the amount of compensation agreed upon in the contract. It is conceded that this was error, but it is argued that it was cured by deducting the amount actually earned elsewhere from the verdict; and as to the further earnings plaintiff might have made, he is excused on the ground that the burden of proof was upon the defendants. That the general rule is so is indisputable; but it should not apply where it is admitted by the plaintiff not merely that he might have found other employment but that he actually did so; and

though it was apparently more profitable than that with appellants, he left it voluntarily for a reason which hardly seems to be sufficient. The excuse given by plaintiff, that he expected this case to come on for trial, would hardly warrant his abandonment of a permanent situation. It would be strange if a reasonable leave of absence could not have been obtained to attend the trial. It was at most a matter to be submitted to the jury, as to the sufficiency of the reason advanced for giving up his employment. We think the admission of the plaintiff that he secured other employment, which he might have retained, should have been submitted to the jury with the same force and effect as though it had been proven by the defendant. And for this reason we sustain the second and fourth assignments of error.

Counsel for appellant allege in the fifth assignment, error in the exclusion of a deposition offered in evidence at the trial. This assignment violates the rule, in that it does not refer to the page of the appendix where the matter can be found: Downey Bros. v. Penna. R. R. Co., 219 Pa. 32; Cameron v. Traction Co., 216 Pa. 191. But in any event the exclusion of the deposition was put upon the ground that the witness was a resident of the county, and no reason was shown for his absence from court. Under these circumstances the exclusion of the deposition was a proper exercise of the discretion of the trial court.

By reason of the error pointed out in the second and fourth assignments the judgment is reversed with a venire facias de novo.