# Coates, Appellant, v. Allegheny Steel Company.

*Contracts—Wages—Discharge—Cause for discharge—Affidavit of defence—Sufficiency.*

1. In an action to recover wages for a period of months between August, 1909, and April, 1910, under a contract of employment for a definite term, judgment for want of a sufficient affidavit of defence will not be entered where it appears by the statement and affidavit of defence that the contract gave to either party the right to declare a termination upon twelve months notice; that the defendant gave notice in April, 1909, that the contract would terminate May 1, 1910; that in June, 1909, defendant gave plaintiff notice that he must diligently exert himself to secure other employment, or all relations between the parties would be terminated and the payment of salary discontinued; that about the middle of August, 1909, the defendant, upon learning that the plaintiff was travelling in Europe for purposes of his own ceased to make further payments on account of salary, but no notice of discharge or refusal to pay further salary was given at that time; and that in November the defendant gave plaintiff notice of his

discharge. In such a case, while the plaintiff is entitled to recover full monthly salary up to the time when notice of discharge was given, the question whether a good cause for discharge existed is, under the facts, for a jury.

*Contract—Wages—Discharge without sufficient cause—Effort to obtain employment—Burden of proof.*

2. Where a servant has been discharged without sufficient cause before the expiration of his term of employment, he is entitled to recover wages for the whole term, but he is bound to make reasonable efforts to obtain employment elsewhere, and in an action to recover wages under a contract for a definite period where it appears that plaintiff was discharged without sufficient cause, the burden of showing that by reasonable effort he might have found some other employment is upon the defendant.

Argued Oct. 23, 1911. Appeal, No. 158, Oct. T., 1911, by plaintiff from order of C. P. No. 2, Allegheny Co., Jan. T., 1911, No. 581, dismissing rule for judgment for want of a sufficient affidavit of defense in case of Jesse Coates v. Allegheny Steel Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule for judgment for want of an affidavit of defense.

It appears from the statement of claim that the plaintiff was employed by the defendant company under a written agreement, made determinable by either party upon twelve months written notice.

Under date of April 29, 1909, the defendant company wrote to the plaintiff as follows:
"Mr. Jesse Coates,

Natrona, Pa.
"Dear Sir:
"Owing to the changes already made and others about to be introduced, by the Allegheny Steel Company, in the manufacture of its product, and especially in the manufacture of magnetic steel sheets, it is obvious that it will not hereafter have the occasion for such services, as are contemplated under the agreement between

you and the Allegheny Steel Company of March 1st, 1907.

"Therefore, the Allegheny Steel Company desires to avail itself of its privilege under the said agreement, of terminating the same on twelve months' notice, and the Allegheny Steel Company hereby accordingly gives to you notice that it has elected to exercise its privilege and that the agreement is and will be cancelled, on and after the expiration of twelve months from the giving of this notice, that is to say, cancelled on the first day of May, 1910. The Allegheny Steel Company does not intend to hereby claim, or to assert, any right to sooner terminate your employment under the agreement, but, if agreeable to you, the Allegheny Steel Company would like to effect some amicable arrangement under which, at the earliest practicable day, you may have employment elsewhere in some field in which your skill and ability may be made available and wherein you may secure as high, or even higher salary, than is payable under our agreement. You may regard yourself as free to take up any line of employment that you may deem proper and if we can assist you in any way in so doing, we will be pleased to do so.

"Our hope and desire is that during the intervening year prior to the termination of our agreement you will do all you reasonably can to relieve us from our obligation thereunder.

"With best wishes for your success and assurances of our high esteem for you personally, we beg to remain,

"Yours truly,
"THE ALLEGHENY STEEL COMPANY,
"(Signed) H. E. SHELDON,
"*President.*

"P. S.—Please be good enough to acknowledge the receipt of this and keep us advised as to your P. O. address."

Later, on November 9, 1909, the following letter was written:

"Mr. Jesse Coates,

"Care of Deutsche Bank, Berlin, Germany.

"Dear Mr. Coates:

"I have your letter of October 20th and note that you are still in Berlin. I received a cablegram from you several days ago asking me to wire reasons that your salary was stopped.

"I believe that we had a thorough understanding at the time we gave you leave of absence, that circumstances of which neither you nor we had any control had occurred which made your services of little or no value to us, explaining this matter thoroughly to you and also explaining it to you that while we considered it our duty under the contract to continue your salary, it was also your duty to use all due diligence in procuring for yourself another position, so as to relieve us as soon as possible of the burden of paying your salary without any recompense.

"It does not seem to us that you have made any such effort. We do not know by whose authority or instructions you went to Europe, but we most certainly know it was not instructions from the Allegheny Steel Company.

"The Allegheny Steel Company takes the position that it had given you sufficient time to procure other employment, that you have made no effort whatever to do so and therefore its obligation to pay you a salary is ended. Personally I regret this very much but under the circumstances the company had no other course to pursue.

"I remain, very respectfully,

"(Signed) ALLEGHENY STEEL CO.,

"HARRY E. SHELDON, President."

Further facts appear by the opinion of the Supreme Court.

*Error assigned* was in discharging rule for want of a sufficient affidavit of defense.

*Frank McC. Painter,* of *Young, McClintock & Painter,* for appellants.—A discharge must be in plain, at least not in ambiguous words, or by actions fully indicating the party's intent.   L. & N. R. R. Co. v. Harvey, 15 Ky. Law Reporter 809; Daniell v. Boston & Maine R. R. Co., 184 Mass. 337 (68 N. E. Repr. 337); Isaacsen v. Andrews, 69 N. Y. App. Div. 430 (74 N. Y. Supp. 1039); Barnett v. Cohen, 110 N. Y. Supp. 835; Wheaton v. Higgins, 90 N. Y. Supp. 1041.

But if discharged, the only ground relied upon in justification has been waived and condoned.   Shaw v. Lewiston & Kishacquillas Turnpike Co., 2 P. & W. 454; Farmers' Mut. Ins. Co. v. Taylor, 73 Pa. 342; Comes v. Beezer Brothers, 51 Pitts. Leg. J. 94; Matthews v. Park Bros. & Co., 146 Pa. 384; Jones v. Vestry of Trinity Parish, 19 Fed. Repr. 59; Leatherberry v. Odell, Ragan & Co., 7 Fed. Repr. 641; Martin v. Everett, 11 Ala. 375; Fitzpatrick Square Bale Ginning Co. v. McLaney. 153 Ala. 586 (44 So. Repr. 1023).

*Alexander J. Barron,* with him *McKee, Mitchell & Alter,* for appellee.—The failure to give a reason for the discharge is immaterial.   Corgan v. Lee Coal Co., 218 Pa. 386.

There could not have been any condonation on the part of the defendant which would estop it from pursuing the course which it adopted in this case.   Leatherberry v. Odell, Ragan & Co., 7 Fed. Repr. 641; Glasgow v. Hood, 57 South Western Repr. 162.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

This is an appeal from an order dismissing the rule for judgment for want of a sufficient affidavit of defense. In our consideration of the case we do not have the benefit of the views entertained by the learned court below

on the questions involved because no opinion was filed. The suit was brought to recover wages under a contract of employment for a definite term. The contract in terms gave to either party the right to declare a termination by giving twelve months' notice in writing. On April 29, 1909, appellee gave notice in writing to appellant of its intention to exercise this privilege by terminating the contract on May 1, 1910. In giving this notice appellee acted within its contractual rights and appellant was bound by the terms of his own agreement. As the case then stood the relation of employer and employee was to continue until the time fixed by the notice for the termination of the contract and appellant had the prima facie right to demand his salary up to May 1, 1910. If nothing had subsequently occurred between the parties, payment only would have been a defense in a suit to recover the salary for the remainder of the period named. Something did subsequently occur and the questions involved here have to do with the subsequent occurrences. Are they sufficient to overcome the prima facie case upon which appellant stands, and if so, to what extent is appellee relieved from this prima facie liability? We cannot regard the letter of April 29, 1909, as a discharge of appellant. The parties themselves did not so regard it and why should the courts? There is nothing in the language used to indicate an intention to discharge at that time, and the payment of the salary for several months after the notice was given can only mean that the party who gave it did not so understand it. It is averred in the affidavit of defense that about the middle of June, 1909, appellee notified appellant that he must diligently exert himself to secure other employment, and unless he did so, all relations between the parties would be terminated and the payment of salary discontinued. In the light of this averment how can it be seriously contended that there had been a discharge in the preceding April? The averment was that the contract of employment had not been termi-

nated at that time, but would be in the future, unless appellant diligently exert himself to secure other employment. There is the further averment that about the middle of August, 1909, the president of appellee company met appellant in Germany, and there learned that he was traveling in Europe for purposes of his own, and not for the benefit of appellee company. Upon learning these facts appellee ceased to make further payments on account of salary, but it is apparent on the face of the record that no notice of discharge or of refusal to pay further salary was given appellant at that time. Whatever reasons appellee had for so doing were not communicated to appellant. The record shows some time in October appellant by cablegram from Germany asked why his salary had not been paid. In answer to this cablegram appellee wrote the letter dated Nov. 9, 1909. This is the first notice served on appellant that can be considered in the nature of a discharge. It is contended that even this letter does not in any proper legal sense constitute a discharge. We cannot accept this view of the case. The rule is that no set form of words is necessary to constitute a discharge. Words which show a clear intention on the part of an employer to dispense with the services of an employee, equivalent to a declaration that the services of the employee will be no longer accepted, are sufficient. It is true the words used must convey to the servant the idea that his services are no longer required and will not be accepted. We are of opinion that nothing said or done by the appellee prior to the writing of the letter of Nov. 9, 1909, conveyed to appellant the idea that his contract of employment had terminated, and that his services as an employee would be no longer compensated. In other words, up to that time nothing done by appellee was within the meaning of the law sufficient to constitute a discharge. On the other hand we think the letter of November 9th was a sufficient notice of discharge under the rule above indicated. While we hold the letter in question to be a

sufficient notice of discharge, we do not now undertake to determine the question whether there was sufficient cause for discharge. The discharge may or may not have been wrongful, depending upon the facts and circumstances. If there be no dispute as to the facts, the court may determine as a matter of law, whether there was sufficient cause, but if the facts be disputed, the general rule is that the jury must determine whether or not the discharge was wrongful. Appellee contends under the authority of Corgan v. Lee Coal Company, 218 Pa. 386, that it was not necessary to assign a valid reason in his notice of discharge, provided appellee had in fact a good reason for exercising the right to discharge. The rule announced in that case is sustained by ample authority, but under the facts of the present case, we think it is for the jury to say whether a good cause for discharge existed when the letter of November 9th was written. It is also for the jury to determine in view of all the facts whether the discharge was made in good faith, and whether the reasons given therefor, were not a mere subterfuge to dispense with the services of appellant so as to relieve appellee from the payment of salary under the terms of the contract. In our view of the case under the facts presented by the pleadings, appellant is entitled to recover full monthly salary up to and including November, 1909, the month when notice of discharge was given. His right to recover salary after November depends upon what the jury shall determine as to the discharge being rightful or wrongful. If appellant was rightfully discharged he cannot recover salary, if wrongfully, his right to recover still exists under the contract.

One more question should be adverted to so that when the case is tried in the court below it may finally be disposed of. The rule is that where a servant has been discharged without sufficient cause before the expiration of his term of employment, he is entitled to recover wages for the whole term, but he is bound to make rea-

sonable efforts to obtain employment elsewhere. We have held that the letter of April 29, 1909, was not a discharge but was in effect a leave of absence with salary attached. That it was a leave of absence and not a discharge, is shown by the letter of November 9th, in which it is expressly stated that appellant was given a leave of absence. If the jury shall determine that the discharge of November 9th was made without sufficient cause, the burden of showing that appellant by reasonable effort might have found other employment is upon the appellee. Such a defense is by way of mitigation and the burden is upon him who asserts it. Emery v. Steckel, 126 Pa. 171. Whether this defense is sufficient to overcome the prima facie case of appellant, or to what extent it may be considered to reduce the amount to be recovered, are questions of fact to be determined by the jury. The duty of making a reasonable effort to secure other employment did not arise until there had been a final discharge. Prior to that time the parties were acting under and bound by their contractual obligations.

The learned court below simply refused to enter judgment for want of a sufficient affidavit of defense and under the motion nothing else could be done. Appellant was not entitled as a matter of law to judgment for the whole sum demanded. The averments of the affidavit of defense raise some questions of fact to be submitted to the jury.

Order of the court below dismissing the rule for judgment for want of a sufficient affidavit of defense is affirmed and the record is remitted for the purpose of having a trial upon the merits.