### RUSSELL v. BARNES FOUNDATION.
Civil Action No. 2932.

District Court, E. D. Pennsylvania.
May 7, 1943.

Thomas Raeburn White, of White & Staples, of Philadelphia, Pa., for plaintiff.

Robert T. McCracken, and Samuel Fessenden, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This matter arises on plaintiff's motion for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action was brought by plaintiff for $24,000 damages for breach of a written contract of employment which reads as follows:

> "The Barnes Foundation
> "Merion
> "Montgomery County
> "Pennsylvania
>                         "August 16, 1940.

"Mr. Bertrand Russell,
> "Fallen Leaf Post Office,
> "Lake Tahoe, California

"Dear Mr. Russell:

"We confirm herewith the verbal agreement made with you on August 8, 1940:—

"We agree to engage you as a member of the teaching staff of the Barnes Foundation at a salary of eight thousand ($8,000) dollars per year, payable in twelve (12) equal monthly installments, on the fifteenth day of each month.

"The agreement is to extend for a period of five (5) years, dating from January 1, 1941. If, during the period of the aforesaid agreement, your personal affairs should make it necessary or advisable to terminate the contract, we agree that such a termination may be effected at the end of our school year; namely May 31st.

"Your service to the Foundation will consist of one lecture each week during the school year which extends from October 1st

to May 31st inclusive, each lecture to be delivered in the gallery of the Barnes Foundation, at Merion, Pennsylvania.

"Yours very truly,
"The Barnes Foundation
"Albert C. Barnes

President (Corp. .Seal)
"N. E. Mullen

Secretary-Treasurer

"Paul Hogan          Witness
"Sarah M. Cleaver    Witness

"I, Bertrand Russell, hereby agree to the terms and conditions of the above agreement entered into between myself and the Barnes Foundation.

"Bertrand Russell

"Mary Mullen
"Cynthia F. Stine    Witnesses"

The complaint avers that plaintiff duly rendered his services under the contract for a period of two years and was ready, able and willing to continue to perform, but that on December 28, 1942 he received notice from the defendant that the contract was terminated as of December 31, 1942.

Defendant has filed an answer in which it denies that plaintiff has rendered any services under the above writing, and alleges that the services which plaintiff rendered were pursuant to an oral agreement between the parties executed prior to the above writing. The answer further sets forth that on August 8, 1940, defendant orally agreed to engage plaintiff as a member of its teaching staff at a salary of $6,000 a year for a period of five years beginning January 1, 1941; that on August 16, 1940, defendant mailed a letter to plaintiff confirming this oral agreement, which letter plaintiff signed and returned to the defendant; that in September of 1940 defendant agreed to modify the oral agreement by increasing plaintiff's salary to $8,000 per year in consideration of plaintiff's agreement to discontinue delivering public lectures after April 1, 1941, until which date he had commitments; that thereupon the letter confirming the oral agreement

was rewritten with only one change, namely, increasing the salary figure from $6,000 to $8,000, and was re-executed and witnessed by other witnesses, and that this new letter was the one relied upon by plaintiff in his complaint; that despite this oral agreement, plaintiff delivered public lectures after April 1, 1941; and that plaintiff failed to meet the standard of personal and professional conduct of members of defendant's teaching staff which had been explained to him in detail and which he had in said oral agreement obligated himself to meet. Defendant admits that it notified plaintiff that his services were to be terminated as of December 31, 1942, but avers that this notification was the result of plaintiff's breach of the above two provisions of the oral agreement of employment.

■ Affidavits [1] have been filed by each of the parties.

Plaintiff contends that he is entitled to summary judgment because there is no genuine issue of any material fact, since he has declared upon an integrated written contract of employment which, under the so-called "parol evidence" rule cannot be varied by the terms of a prior or contemporaneous parol agreement. Defendant's answer to this contention is that the letter dated August 16, 1940 and the circumstances of its execution demonstrate that it was not intended as the complete contract, nor indeed as any contract between the parties, but merely as an acknowledgment that an oral contract had been entered into between them.

■ Defendant's contention cannot be sustained. The letter goes far beyond a mere acknowledgment of the existence of a verbal agreement. It "confirms" the verbal agreement and sets forth explicitly the duties of plaintiff, the services which he was to render, the compensation therefor, and the duration of the employment. After reciting these terms and conditions, it contains a subscript to be signed by plaintiff before witnesses stating that he "agrees to the terms and conditions of the above

---

[1] Counsel for defendant, in his argument against the motion for summary judgment, cited the following language used by me in the case of Kent v. Hanlin, D.C., 35 F.Supp. 836, 837: "Therefore, if an answer raises a material issue of fact, there is an insurmountable obstacle in the way of a summary judgment, no matter how a motion for the same may be bolstered by affidavits." While I think the decision was correct, I am inclined to think my language in that opinion was too broad. In disposing of a motion for summary judgment under Rule 56, affidavits must be considered by the court together with pleadings, depositions and admissions.

agreement entered into between myself and the Barnes Foundation." The "above agreement" obviously refers to the contents of the letter rather than to any prior verbal agreement, the terms and conditions of which were not specified in the letter. The content and form of the letter and the inclusion of the subscript, which was signed by plaintiff and duly witnessed, is utterly inconsistent with the contention that it was intended merely as an acknowledgment that a verbal agreement, containing terms and conditions other than those specified in the letter, had been entered into by the parties. Under these circumstances, the letter constitutes the sole agreement between the parties, and prior oral arrangements or negotiations as to matters related to the subject of the written agreement may not be considered. Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 126 A. 791.

■ The same principles likewise answer defendant's argument that the change of the compensation of $6,000 to $8,000, despite the identity of the original and the redrafted letter in all other respects, establishes that some additional obligation must have been undertaken by plaintiff orally in consideration therefor. Assuming this to be the fact, it has no materiality as a matter of law since the parties did not so provide when they subsequently executed a written agreement on the subject.

■■ Defendant further urges that in no event can a summary judgment be entered because the amount of damages is incapable of ascertainment on the present state of the record. Rule 56(c) of the Federal Rules of Civil Procedure provides, however, that "the judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, *except as to the amount of damages,* there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The issue as to the amount of damages need not therefore be considered in determining whether a summary judgment should be entered. Since the only other issues raised by defendant's answer are the existence of an oral agreement and the violation of certain of its terms and conditions, and since any such oral agreement was rendered immaterial as a matter of law by the subsequent execution of a written agreement between the parties on the subject, defendant has raised no genuine issue as to any material

fact and plaintiff is entitled to summary judgment.

There remains the question whether damages may be presently ascertained and assessed or whether a trial on the issue of damages should be ordered in accordance with the procedure set forth in Rule 56(d) of the Federal Rules of Civil Procedure.

Defendant argues that the amount of damages cannot be ascertained on the present state of the record because in the case of an anticipatory breach of a contract of employment by an employer he is entitled to a credit to the extent of the prospective earnings of the discharged employee during the unexpired balance of the contract, and there is presently no evidence before the court on this question.

■ Plaintiff contends, on the other hand, that he is presently entitled to the $24,000 which he would have received for his services during the remaining three years of his contract with the defendant, because as a matter of law he may recover the full amount of the compensation he would have received had the contract not been broken. The very authorities cited by plaintiff, however, refute this contention and rule that credit must be given for any sums which the employee has earned following his discharge and which he might thereafter earn during the unexpired term of the contract. Pierce v. Tennessee C., I. & R. R. Co., 173 U.S. 1, 19 S.Ct. 335, 43 L. Ed. 591; Semet-Solway Co. v. Wilcox, 3 Cir., 143 F. 839, certiorari denied 202 U.S. 617, 26 S.Ct. 764, 50 L.Ed. 1173. See also Restatement of the Law of Contracts § 338.

■ Plaintiff further urges, however, that since under his contract with the defendant he was required to lecture only once a week at defendant's institution, and was therefore free to seek employment elsewhere provided it did not interfere with this duty, his prospective earnings need not in any event be deducted from the damages to which he is entitled. This argument cannot be sustained because the present record does not permit of a fair determination of the extent to which plaintiff's duties under his contract would have permitted him to obtain other employment. A trial must therefore be held on the question of damages.

Judgment is hereby entered for the plaintiff against the defendant and it is ordered that the case proceed to trial for the determination of the amount of damages to which the plaintiff is entitled.