## RUSSELL v. BARNES FOUNDATION.
### Civil Action No. 2932.

District Court, E. D. Pennsylvania.

Nov. 16, 1943.

Thomas Raeburn White, of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, of Philadelphia, Pa., for defendant.

828

BARD, District Judge.

This matter is before me upon a hearing to determine the amount of damages to which the plaintiff is entitled as a result of defendant's breach of a contract of employment.

In an earlier opinion in this case, 50 F. Supp. 174, I held that plaintiff's motion for summary judgment on the pleadings should be granted because the sole defense raised by defendant's answer was plaintiff's breach of the terms and conditions of an oral agreement of employment alleged to have been executed prior to a written contract of employment [1] upon which this suit was brought.[2] A motion to dismiss an appeal from that ruling was granted by the Circuit Court of Appeals on the ground that the appeal was premature. 136 F.2d 654.

Upon consideration of the evidence, I make the following Findings of Fact:

1. The plaintiff is a distinguished lecturer and teacher in the field of philosophy and has held many posts in universities and colleges throughout the world.

2. The preparation and delivery of one lecture a week at the Barnes Foundation during each academic year, on the subject of the history of philosophy, in accordance with the terms of plaintiff's contract of employment with defendant, required about one-half of the working time of the plaintiff.

3. Plaintiff was at all times ready, able and willing to prepare and deliver lectures in accordance with the terms of his contract of employment with defendant.

4. In 1941 and 1942, while plaintiff was performing his duties under his contract of employment with defendant, he earned a total of approximately $5,600 from sources other than the defendant, for miscellaneous lectures, writings and other work.

5. Plaintiff's earnings from sources other than defendant, for miscellaneous lectures, writings and other work, from January 1, 1943, to the date of trial, August 12, 1943, were $3,125.

6. The plaintiff's earnings during 1943 from such sources could have been realized even if he had continued in the employment of defendant.

7. The salary of plaintiff under the contract of employment for the three year period remaining at the time of his discharge would have been $24,000.

8. The plaintiff has suffered a loss of $20,000 as a result of the defendant's breach of contract of employment.

Discussion.

At the time of the argument of the motion for summary judgment, plaintiff strenuously contended that the damages should be at that time assessed in the amount of $24,000, being the salary due plaintiff for services to be rendered during the unexpired term of the contract of employment.

[1] The contract of employment read as follows:

"The BARNES FOUNDATION
"Merion
"Montgomery County
"Pennsylvania
                    "August 16, 1940.
"Mr. Bertrand Russell,
 _ "Fallen Leaf Post Office,
"Lake Tahoe, California
"Dear Mr. Russell:
    "We confirm herewith the verbal agreement made with you on August 8, 1940:
    "We agree to engage you as a member of the teaching staff of the Barnes Foundation at a salary of eight thousand ($8,000) dollars per year, payable in twelve (12) equal monthly installments, on the fifteenth day of each month.
    "The agreement is to extend for a period of five (5) years, dating from January 1, 1941. If, during the period of the aforesaid agreement, your personal affairs should make it necessary or advisable to terminate the contract, we agree that such a termination may be effected at the end of our school year; namely May 31st.

"Your service to the Foundation will consist of one lecture each week during the school year which extends from October 1st to May 31st inclusive, each lecture to be delivered in the gallery of the Barnes Foundation, at Merion, Pennsylvania.
                    "Yours very truly,
                    "The Barnes Foundation
                    "Albert C. Barnes
                    "President
                    "N. E. Mullen
                    "Secretary-Treasurer
                              (Corp. Seal)
"Paul Hogan Witness
"Sarah M. Cleaver Witness
    "I, Bertrand Russell, hereby agree to the terms and conditions of the above agreement entered into between myself and the Barnes Foundation.
                    "Bertrand Russell
                Witnesses (2)
"Mary Mullen
"Cynthia F. Stone"
    [2] Plaintiff was discharged as of December 31, 1942.

In support of this contention plaintiff urged that the fact that he was employed to deliver only one lecture per week amply demonstrated that his prospective earnings from sources other than the defendant, during the unexpired term of the contract, need not be considered in mitigation of damages, since they would have been realized even if his employment by defendant had not been terminated. In rejecting this contention I said, 50 F.Supp. 174, 177: "This argument cannot be sustained because the present record does not permit of a fair determination of the extent to which plaintiff's duties under his contract would have permitted him to obtain other employment. A trial must therefore be held on the question of damages."

The measure of damages for breach of this contract is determined by the law of Pennsylvania where it was to have been performed. Restatement, Conflict of Laws § 372. Under Pennsylvania law, in an action based on an anticipatory breach of a contract of employment, the plaintiff is prima facie entitled to the stipulated amount of his salary for the balance of the term, and the burden is on the defendant to show, in mitigation of this amount, the extent of plaintiff's earnings or ability to obtain other employment. Emery v. Steckel, 126 Pa. 171, 17 A. 601, 12 Am.St.Rep. 857; Coates v. Allegheny Steel Co., 234 Pa. 199, 83 A. 77; Heyer v. Cunningham Piano Co., 6 Pa.Super. 504; Speier v. Locust Laundry, 63 Pa. Super. 99; Gordon v. Tomei, 144 Pa.Super. 449, 19 A.2d 588.

The issues, therefore, to be presently determined are the extent of plaintiff's earnings and earning power during the unexpired term of the contract and the extent, if any, to which such earnings and earning power are in excess of what they would have been if plaintiff had been permitted to continue performance of his contract of employment during that period.

On these questions plaintiff testified that the fulfillment of his teaching duties in preparing and delivering one lecture per week during the defendant's academic year required approximately one-half of his working time. His testimony further showed that during 1941 and 1942, while he was performing his duties as a teacher at defendant's foundation, he had earned the sums of $2,145 and $3,195.68 respectively, from sources other than the defendant, for writings, lectures and radio addresses. His earnings from such sources between December 31, 1942, when his employment by defendant was terminated, and August 12, 1943, the date of trial, were $3,125. He further testified that his earning prospects from such sources for the balance of the year and for the immediate future were slight because he had realized on his most likely prospects of income as soon as his employment by defendant had been terminated. He likewise described his unsuccessful efforts to obtain other employment as a teacher, and testified that his advanced age and the drastic curtailment of courses in philosophy in college curricula since the war presented extreme handicaps in this respect.

Defendant offered little evidence on the questions presented for determination. It cross-examined Dr. Russell on his efforts and ability to obtain employment and commitments for articles, lectures and similar engagements, and it offered the testimony of its founder and president, Dr. Barnes, that, in his opinion, it would have taken all of the plaintiff's working time properly to have prepared and delivered the course of lectures called for by the contract of employment. The balance of the evidence offered by the defendant had no bearing on the issue of damages.

Upon a careful consideration of the evidence, I have concluded that the plaintiff is entitled to damages in the amount of $20,000. I agree with plaintiff's contention that the evidence indicates but slight possibility of plaintiff's enhancement of his income from lectures, writings and similar sources over that which he could have earned currently with his employment by the defendant. On the other hand, despite the very real handicaps to which plaintiff testified, I feel that some weight must in fairness be given to the possibility that a man of plaintiff's academic standing and reputation may obtain employment as a teacher at some time prior to 1946. Although defendant offered no evidence on this question, the plaintiff's evidence may properly be considered in determining the possibility of his securing other employment and the amount to which the defendant is entitled in mitigation of damages as a result thereof. Foringer v. New Kensington Stone Co., 223 Pa. 425, 429, 72 A. 797. I find as a fact from the evidence in this case that this amount is $4,000.

Defendant argues that as a matter of law, where a trial in an action based

on an anticipatory breach of a contract of employment is held prior to the time when the services were to have been completely rendered thereunder, damages for the period beyond the date of trial may not be awarded, since they are too speculative and are not based on any reasonably certain standard of measurement. This contention may not be sustained upon either reason or authority. Damages in such a case are no more speculative than in many other cases where the value of prospective harm must be assessed in money damages, and a discharged employee should not be put to the election of delaying his action until the expiration of the term of employment or foregoing a portion of the damages he has sustained. The rule is settled that a plaintiff in an action of this character is entitled to the amount of his salary for the unexpired term less any sums which he has earned following his discharge and which he may thereafter earn during the unexpired term of the contract. Pierce v. Tennessee C., I. & R. Co., 173 U.S. 1, 19 S.Ct. 335, 43 L.Ed. 591. Semet-Solway Co. v. Wilcox, 3 Cir., 143 F. 839, certiorari denied 202 U.S. 617, 26 S.Ct. 764, 50 L.Ed. 1173. See also 1 Restatement, Contracts § 338, and comment a thereto: "Measure of Damages for Anticipatory Breach. The rules for determining the damages recoverable for an anticipatory breach are the same as in the case of a breach at the time fixed for performance. Comment a. The fact that an anticipatory repudiation is a breach of contract (see § 318) does not cause the repudiated promise to be treated as if it were a promise to render performance at the date of the repudiation. Repudiation does not accelerate the time fixed for performance; nor does it change the damages to be awarded as the equivalent of the promised performance. The fact that the repudiation is anticipatory sometimes makes possible the avoidance of harm; at other times it may increase the harm by inducing reasonable efforts to avoid it or otherwise. If trial is reached before the time fixed for performance has arrived, it may be a little harder to apply the rules of damages to the case, for the value of the promised performance and the extent of future harm must be reached by prediction. But there are many cases in which trial is reached before the time fixed for completion of performance, even though the breach is not anticipatory, and in which values and losses must be determined by prediction. A total breach may consist of a partial failure of performance that is material or of a repudiation, anticipatory or otherwise; in such cases the injured party can maintain action at once and is permitted to prove the extent of the harm yet to be suffered. The rules applicable to the determination of damages for such prospective harm are likewise applicable where the breach is by anticipatory repudiation."

I make the following Conclusions of Law:

1. In an action based on an anticipatory breach of a contract of employment the plaintiff is prima facie entitled to the stipulated amount of his salary for the balance of the term, and the burden is on the defendant to show, in mitigation of this amount, the extent of plaintiff's earnings or ability to obtain other employment during that period.

2. Damages resulting from an anticipatory breach of a contract of employment by an employer are not limited to the loss sustained by the employee up to the time of trial only, but may be granted for the entire term of the contract.

3. Judgment is hereby entered in favor of the plaintiff and against the defendant in the amount of $20,000.