# Johnson *v.* Judge.

*Master and servant—Partnership—Death of partner—Contract of employment—Affidavit of defense.*

The death of a partner does not dissolve a contract of employment made by the partnership.

In an action by an employee against his employer, a partnership, to recover balance of salary after an alleged illegal discharge, where the statement sets forth a contract of employment, the death of one of the partners shortly thereafter, and the continuing employment of the plaintiff for three months after the death of the partner, during which time wages were paid to him at the rate of the contract as claimed by him, an affidavit of defense, which is evasive as to the continuing employment, and makes no explanation of the discharge, and avers that the contract was annulled by the death of the partner, is insufficient.

Argued Oct. 19, 1900. Appeal, No. 103, Oct. T., 1900, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1900,

No. 332, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of Samuel H. Johnson v. James Judge, Jr., Robert B. Judge and Agnew MacBride, trustees of James Judge, deceased, and William B. Judge, executor and trustee of Robert B. Judge, deceased, late trading as William Judge & Brother.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on a contract of employment.

Rule for judgment for want of a sufficient affidavit of defense.

The material portions of the statement are as follows :

That the said plaintiff had been for many years continuously a salesman in the employment of the said firm of William Judge & Brothers, at a yearly salary of $1,500, which employment was regularly renewed on or about the first day of November, for the ensuing year.

That on or about November 1, 1897, the said firm of William Judge & Brothers, which then consisted of Robert B. Judge, who is now deceased, in his own right, and the said Robert B. Judge, who is now deceased, James Judge, Jr., and Robert B. Judge, the son of James Judge, deceased, as trustees under the will of James Judge, deceased, agreed with the said plaintiff, to employ him for one year from January 1, 1898, as a salesman and promised and agreed to pay said plaintiff for his services for that year, a salary of $1,500.   That the said plaintiff in consideration thereof, promised and agreed with the said firm of William Judge & Brothers, that he would faithfully perform the services and duties of salesman for the said firm, for one year from January 1, 1898, and upon the said January 1, 1898, entered upon his duties as such salesman.   That from and after January 13, 1898, the said business copartnership or firm of William Judge & Brothers, was carried on and continued by the above named defendants.

That the plaintiff upon January 1, 1898, pursuant to the aforesaid agreement of employment, entered upon his duties as a salesman, on the terms aforesaid, and after the decease of the said Robert B. Judge was continued in the employment of the defendants, as such salesman, on the terms aforesaid. That the plaintiff continued under the said contract in the employment of the defendants until April 19, 1898.

That the said plaintiff has always been ready and willing and on April 19, 1898, offered to continue in the employment of the defendants, as salesman, and to perform the services and duties of salesman, on the terms aforesaid, until the expiration of one year from January 1, 1898.

That the said defendants did not nor would continue the said plaintiff in their employment as salesman until the expiration of one year from January 1, 1898, but on the contrary the defendants on April 19, 1898, and without any reasonable or probable cause, refused to permit the said plaintiff to continue in their employment as salesman, and then discharged the plaintiff therefrom, and from that time until December 31, 1898, refused to retain or employ the said plaintiff.

That it is the ordinary custom of men engaged in the carpet business, to employ salesmen for one year, and contracts for such employment, are usually made thirty days prior to the first day of January, for the ensuing year. That it was impossible for the plaintiff to obtain employment as a salesman or in any other capacity, during the time from April 19, 1898, to December 31, 1898, and plaintiff did not obtain any employment nor earn or receive any salary or compensation for services during that time.

That the said defendants paid to said plaintiff upon account of his salary for the year beginning January 1, 1898, the sum of $375, leaving a balance due plaintiff of $1,125, together with interest thereon, which sum the said defendants have wholly neglected and refused to pay to the said plaintiff, although often requested so to do.

That the said defendants are indebted to the said plaintiff in the said sum of $1,125, together with interest thereon, without any deduction or defalcation whatsoever.

The affidavit of defense averred:

That the said defendants have no knowledge that the said plaintiff had any yearly contract with your deponents, and demand that the truth of the same be proved.

That the defendants further depose and say that even though the said plaintiff had a contract with your deponents for a year, of which the above defendants are ignorant, that was annulled and canceled by the death of Robert Judge (the last surviving partner), on January 8, 1898, the death of the said Robert Judge causing a dissolution of the firm.

140          JOHNSON *v.* JUDGE.

Statement of Facts—Opinion of the Court.   [16 Pa. Superior Ct.

The said defendants, by no act of theirs but in consequence of the dissolution of the firm by death, were prevented and had no legal ability to carry on the business, and did not continue the same.

That the said deponents did not pay to the said plaintiff any money on account of the contract with your deponents, but paid him for his help and services in and around the mill, while your deponents as trustees were performing their duties in making up the raw material on hand at dissolution into carpets.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Frederick S. Drake*, with him *John Sparhawk, Jr.*, for appellant.—On the death of Robert B. Judge on January 8, 1898, the firm was dissolved, even if it can be maintained that the firm up to that time had consisted of said Robert B. Judge individually, and the said Robert B. Judge, Robert B. Judge, Jr., and James Judge, Jr., trustees, as the death of one partner causes a dissolution of the partnership relation unless otherwise provided by the parties themselves : Greenburg v. Early, 4 Misc. Rep. (N. Y.) 99 ; s. c. 23 N. Y. Supp. 1009.

If Robert B. Judge composed the firm of William Judge & Brothers on January 8, 1898, then the contract of hiring between the plaintiff and defendant was dissolved by the death of the master, Robert B. Judge : Womrath's Estate, 23 W. N. C. 434; Yerrington v. Greene, 7 R. I. 589 ; Lacy v. Getman, 119 N. Y. 109.

*Charles F. Stilz*, with him *Theodore F. Jenkins*, for appellee.—On the hiring of an agent for a year, the principal is liable to him for the wages of the year if he dismissed the agent before its termination.   The death of one partner does not discharge the firm from subsisting contracts with an agent of the firm for a period of time not then expired : Fereira v. Sayres, 5 W. & S. 210 ; Wilson v. Stewart, 5 Clark, 450.

OPINION BY ORLADY, J., January 22, 1901 :

The plaintiff brought this action to recover damages for the

breach of a contract, that provided for a year's service as a carpet salesman in the employ of the defendant. The statement alleges the plaintiff's employment by the firm, which consisted of four persons, at a stipulated salary of $1,500 for the year beginning on January 1, 1898, and that pursuant to this he entered upon his duties and continued in the employment of the defendants until April 29, when he was discharged without reasonable cause, etc. One of the partners died on January 8, which fact is relied on by the defendants as working a dissolution of the partnership, and that such death dissolved the contract. The affidavit of defense admits the existence of the partnership at the time the contract was made, the continuance of its business for certain purposes, and the payment of certain moneys to the plaintiff for services rendered by him after the death of the partner. The statement sets out a continuing contract for a year, and the discharge of the plaintiff is not alleged to have been justified by reason of any act of his. The fact of the death of one of the partners is not such a dissolution of the partnership as will relieve it from liability under its contract. It is enough that there was an express and positive agreement, which cannot be annulled except with the consent of both parties. Although a firm may have been dissolved by the death of a member, yet for many purposes, it may be considered as a subsisting partnership: Fereira v. Sayres, 5 W. & S. 210. The demand arising from the performance of the agreement has relation not to the period of performance but to the origin of the contract. The dissolution of the partnership does not dissolve its contracts: Cope v. Warner, 13 S. & R. 411. When a servant has been discharged without sufficient cause, before the expiration of his term of employment, prima facie he is entitled to recover to the extent of his wages for the whole term: Emery v. Steckel, 126 Pa. 171; Allen v. Colliery Engineers' Co., 196 Pa. 512; Peniston v. Huber Co., 196 Pa. 580. The affidavit is evasive in not denying the continuing service of the plaintiff for three months after the death of the partner, and while the partnership business was admittedly conducted by the remaining partners, during which time they paid wages to the plaintiff at the rate of the contract as claimed by him. No explanation whatever is made of his discharge, and the court properly made the rule for judgment absolute.

The judgment is affirmed.