## Yoder, Appellant, *v.* Yoder.

*False arrest—Ejection from hotel—Master and servant.*

Where the manager of a hotel having an interest in the profits of the business is ordered by the owner to leave the premises and the manager refuses to go, the owner may eject him by force, if necessary, and if he summons a police officer and orders him to remove the manager without, however, directing the latter's arrest, the manager is not entitled to recover damages from the owner for false arrest.

Argued November 1, 1912. Appeal, No. 219, Oct. T., 1912, by plaintiff, from judgment of C. P. Allegheny Co., Fourth T., 1909, No. 756, on verdict for defendant in case of William B. Yoder v. Lorenzo T. Yoder. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass for false arrest. Before COHEN, J.

At the trial it appeared that on September 23, 1909, Lorenzo T. Yoder was the proprietor of the Hotel Yoder in the City of Pittsburgh, and that William B. Yoder, his nephew, was manager of the hotel under a written contract by which his services were to be paid for out of a portion of the profits of the business. On September 23, 1909, a dispute arose between the plaintiff and the defendant, and the latter ordered the former to leave the premises. Upon the refusal of the plaintiff to obey the defendant sent for police officers who ejected him. The evidence for the defendant tended to show that while he ordered the plaintiff's removal from the building he did not direct his arrest. The officers locked him up.

The court charged in part as follows:

["I say to you, first, that if you find by the weight of the evidence that the defendant did not order this arrest, and did not order the plaintiff to be locked up, but merely directed the officers to remove him from the building, he was well within his rights, and you must find a verdict for the defendant."] (1)

Defendant presented these points:

2. That L. T. Yoder had the right in his discretion at any time to direct William B. Yoder, as his employee, to leave the hotel building, and if William B. Yoder refused or neglected to leave the building, as then directed by L. T. Yoder, that said L. T. Yoder had the right to remove William B. Yoder from the premises by force, or, at his option, procure an officer to remove him. Answer. Affirmed. (2)

3. That L. T. Yoder, as the owner of Hotel Yoder, and

as the employer of William B. Yoder, had the right to direct him to leave Hotel Yoder, and if William B. Yoder, when so directed to leave refused to obey such direction and L. T. Yoder procured an officer and directed that William B. Yoder be removed from the building, it is immaterial that L. T. Yoder failed to appear at the station house and make a charge against William B. Yoder.    Answer.

Affirmed if jury find from the evidence defendant did not order the arrest and imprisonment. (3)

5. If the jury believe from the evidence that all that L. T. Yoder directed the officers called to the Hotel Yoder to remove therefrom William B. Yoder, was. to remove said William B. Yoder from the premises, without any direction to lock him up or without any statement that said L. T. Yoder would appear against William B. Yoder, then L. T. Yoder is not responsible for any misunderstanding that the officers may have had with relation to direction to locking him up and is not responsible for the detention of said William B. Yoder in Inpector Bartley's office.    Answer.    Affirmed. (4)

7. That the contract, Exhibit 1, offered in evidence by the plaintiff, to which the plaintiff and Lorenzo T. Yoder are parties, is one of employment only and constituted L. T. Yoder the employer of William B. Yoder in and about Hotel Yoder during the term of said contract, and said William B. Yoder was bound to obey the directions of L. T. Yoder concerning said employment.    Answer. Affirmed. (5)

8. That William B. Yoder, when he was directed by L. T. Yoder to leave Hotel Yoder, was bound to do so, notwithstanding the existence of his contract of employment with L. T. Yoder and what his opinion of his rights were under that contract.    His failure to obey the direction to leave made him a trespasser at Hotel Yoder, liable to be removed by force or through the assistance of an officer at the discretion of L. T. Yoder.    Answer.

Affirmed as qualified by any terms pertaining to said employment contained in said contract. (6)

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1-6) above instructions quoting them.

*W. H. S. Thomson,* with him *Frank Thomson* and *John W. Dunkle,* for appellant.—There was no termination or breach of the contract so long as both parties were treating it as in force: Cobb v. Hall, 33 Vt. 233; Mersey Steel & Iron Co. v. Naylor, L. R. 9 Q. B. Div. 648.

Telling plaintiff to leave the premises did not make him a trespasser. If he was first discharged, then he might become a trespasser after a proper request or order to leave: Smith v. Pierce, 110 Mass. 35.

If plaintiff was where he had a right to be under his contract, the order to leave was neither lawful nor reasonable: Lichtenwallner v. Laubach, 105 Pa. 366; Burk v. Howley, 179 Pa. 539; Cassidy v. Janauschek, 17 Philadelphia 325; Walbridge v. Pruden, 102 Pa. 1.

Under the testimony of the defendant himself, his instructions to the officers to remove the plaintiff because he was a trespasser, made these officers his agents and that he was liable in damages for the consequences of what they did, within the general scope of the orders given them: Harris v. Louisville, Etc., R. R. Co., 35 Fed. Repr. 116; Corbett v. Ry. Co., 42 Hun. (N. Y.) 587; Rown v. R. R. Co., 34 Hun. (N. Y.) 471.

*A. M. Neeper,* for appellee.—In removing the employee from the premises after notice to go and refusal to leave, appellee had the option of

1. Personally and manually removing the appellant, with proper force, from the premises; or

2. Employing other employees or police force at his

direction to remove the appellant from the premises: Newkirk v. Sabler, 9 Barb. (N. Y.) 652; Sloan v. Schomaker, 136 Pa. 382; Commonwealth v. Ribert, 144 Pa. 413; Commonwealth v. Mitchell, 2 Parson's Eq. 431; Behm v. Damm, 91 N. Y. Supp. 735.

William B. Yoder, as the employee of L. T. Yoder, was bound to obey his command to leave the building, whether or not the contract of employment between them was in force and effect or not: Peniston v. Huber Co., 196 Pa. 580; Cassidy v. Janauschek, 17 Philadelphia 325; Parker v. Farlinger, 122 Ga. 315 (50 S. E. Repr. 98) ; Jacoby v. Fox, 67 N. Y. Supp. 955; Ulrich v. Hower, 156 Pa. 414.

OPINION BY MR. JUSTICE POTTER, January 6, 1913 :

Under the charge of the court in this case, the verdict of the jury must be accepted as establishing the fact that the defendant did not direct the arrest of the plaintiff, but merely directed the officers to remove him from the hotel owned by the defendant, and in and about which the plaintiff had been engaged as an employee of the defendant. The record shows testimony clearly sufficient to sustain a finding by the jury that, after defendant had repeatedly demanded of plaintiff that he should obey his orders, and had received no satisfactory reply, he ordered plaintiff from the building, and the latter refused to go, before the officers were sent for and instructed to take him out. In this action the defendant was within his right. He was the owner of the hotel, and under the agreement with plaintiff the latter acquired no interest in the property but had only an interest in the profits arising from the business. As owner, the defendant had the right to order plaintiff from the premises, and in case of refusal had the right to remove him by force, if necessary. He pursued the course which was commended by this court in Sloan v. Schomaker, 136 Pa. 382, where it was said (p. 390) that when the plaintiffs were ordered from defendant's store,

"it was their legal duty to go.  In strict law defendant might then have used sufficient force to put them out with his own hands.  Instead of doing so, he adopted the prudent and commendable course of sending for an officer."  The case is no better for the plaintiff if he be regarded as being at the time in the service of the defendant, for even then it was his legal duty to go, when ordered to leave.  If the order amounted to a wrongful discharge, he had his remedy by suit for damages for breach of the contract of employment, as in Allen v. Colliery Engineers Co., 196 Pa. 512, and Coates v. Steel Co., 234 Pa. 199.  The issue of fact involved as to the terms of the order given by the defendant to the officers was fully and fairly submitted to the jury by the trial judge.  They have found as a fact that the defendant did not go beyond ordering the officers to remove the plaintiff from the premises.

The assignments of error are overruled, and the judgment is affirmed.