# Frank Heyer v. The Cunningham Piano Company, Appellant.

*Bills of exception—Practice, C. P.—Exceptions—Testimony—Charge of court.*

Exceptions to evidence are required only when the question of its admissibility is presented, when there is no objection there is no ground for an exception. Instead of authentication by bill of exceptions, both evidence and charge are placed on the record as directed by the act of 1887. The procedure in this respect has been repeatedly stated by the Supreme Court. It may be thus summarized:

1. It is the duty of the stenographer to take complete and accurate notes of the proceedings, evidence and charge, and to transcribe, for filing, a longhand or typewritten copy; but this transcription may be omitted in the discretion of the court, with the consent of counsel.

2. Exceptions noted by the stenographer, by direction of the judge, are equivalent to the formal sealing of a bill of exceptions.

3. The stenographer has no authority to note an exception except by direction of the judge.

4. To become part of the record. the copy of the stenographer's notes must be certified to by the stenographer, and approved by the judge and filed by his direction.

5. The stenographer's certificate must set forth, in substance, that the proceedings, evidence and charge are contained, fully and accurately, in the notes taken by him on the trial, and that the copy filed is a correct transcript of the same. It must be signed by the stenographer, and not in a firm name or by deputy.

6. The judge's certificate must show, in substance, his belief that the transcript is correct, and that it is filed by his direction.

7. Transcripts of the proceedings and evidence, and of the charge, with the requisite certificates, may be filed together or separately.

*Charge of court—Comments on evidence—Entire charge to be weighed.*

The charge of the court does not disclose reversible error when, if the assignments of error to the charge are weighed in connection with the entire context, it appears that all controverted questions resting in parol were submitted to the jury, and when the charge, in its reference to the evidence, is, as a whole, entirely fair.

*Contracts—Assent to written contract evidenced otherwise than by signing.*

If both parties assent to the terms of a contract, embodied in writing, their assent creates a valid contract without reference to signature, except where signing is expressly required by law.

*Master and servant—Illegal discharge—Measure of damages.*

When an employee is discharged, without sufficient cause, before the

end of his term of employment, he is prima facie entitled to recover his wages for the full term. He may hold himself in constant readiness to perform and recover as for performance. Even if bound to make reasonable effort to obtain other employment, the burden of proof is on the employer to show that he obtained or might have obtained it.

Argued Oct. 14, 1897. Appeal, No. 101, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1896, No. 730, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, SMITH and PORTER, JJ. Affirmed.

Assumpsit for wages. Before BIDDLE, J.

The plaintiff alleged a contract of employment by defendant as foreman of defendant's factory for the period of one year, on and after May 4, 1896, at a yearly salary of $1,500 payable in weekly instalments. He offered on May 4, 1896, to perform the duties under the alleged agreement, but defendant refused to permit him to enter its employment.

Other facts appear in the opinion of the court.

Verdict and judgment for plaintiff for $991.11. Defendant appealed.

*Errors assigned* were (1) In charging, after reciting part of the testimony of the plaintiff: " That is the allegation of the plaintiff as to what occurred on this occasion, and if you believe that is what occurred it would be a perfectly valid contract, if Mr. Cunningham had the right to make such a contract." (2) In charging: " It is not always necessary that a contract should be signed by both parties. It is a question for the jury to consider, if there is a question whether a contract was made, why it was not signed by both parties. If a man presents a contract to another and he tells him it is all right and he directs him to begin work in the morning, it is a perfectly valid contract." (3) In charging: " In regard to Mr. Cunningham's right to make this contract, that of course must be shown. His relation to the company has been shown as that of general manager, who employed all the hands, although there was no evidence that he employed any one whose term of service extended to a year." (4) In charging: " As I understand Mr. Cunningham's evidence, he practically admits that he would have the right to make this employment if he chose to do so without

presenting it to the company." (5) In charging: "No by-law has been offered to show that it was obligatory, therefore I think that if he did make the contract the company would be bound by it, but the denial comes as to the fact of the contract having been made." (6) In charging: "It therefore reduces itself down in this case to the question whether Mr. Cunningham did or did not make this contract." (7) In charging: "Assuming he had the right to make it, and if what Mr. Heyer says is true he did make it, he is bound by it; but if Mr. Cunningham's contention is true, that it was a question to be afterwards acted upon, of course he would not be bound by it." (8) In charging: "The rule of damages in cases of this character is, if a man makes a contract and the other side refuses to carry it out, the workman has no right to sit down and do nothing, and at the end of the year require the party with whom he made the contract to pay the full amount he should receive under its terms. It is his duty to lessen the damage as much as possible by seeking other employment, and if he succeeds, the amount he received from such employment should be deducted from the amount of his claim. Mr. Heyer has told you what he has earned during the time, and if you should consider that he is entitled to any damage you should deduct that from it." (9) In charging: "I think I have answered all the points here and I do not think it is worth while to go over them individually."

*Samuel Gustine Thompson*, with him *John A. Toomey* and *Patrick F. Dever*, for appellant.—A contract of this nature, where there are mutual and depending covenants, can only be established by proving that it has been signed by the parties. Assuming for the purpose of argument that Mr. Cunningham had in fact made a contract on the part of the corporation, plaintiff was bound to show authority to make the same: Bank v. McKee, 2 Pa. 318; Millward Cliff Cracker Co.'s Est., 161 Pa. 157; Curry v. Cemetery Assn., 5 Pa. Superior Ct. 289.

The defendant was entitled to show employment by the plaintiff in mitigation of damages: Chamberlin v. Morgan, 68 Pa. 168.

*Oscar Leser*, for appellee.—The testimony is not upon the record. There is no bill of exceptions, nor was a single excep-

tion asked for or allowed to any portion of the testimony or to any portion of the charge.

The charge itself is not of record, because it does not appear that it was filed " by the judge's direction at the express request of a party made before verdict, and only when such direction affirmatively appears, the charge becomes part of the record, and is assignable for error: " Connell v. O'Neil, 154 Pa. 582; Tasker v. Sheldon, 115 Pa. 107.

From the testimony, it is clear that Mr. Cunningham expressly assented to the contract, called his bookkeeper to whom he dictated its terms, and by whom the name of the company in the presence of Cunningham, the secretary, treasurer and general manager, was affixed.

A corporation may, by the instrumentality of its agents, contract within the sphere of its functions, pretty much as a natural person may. The corporate seal is not a necessity: Hamilton v. Ins. Co., 5 Pa. 339; Imperial Co. v. Dunham, 117 Pa. 460; McCullough v. Ins. Co., 2 Pa. Superior Ct. 233.

Where the agreement is wholly executory, the engagement of one party may be in writing and the other in parol: Grove v. Hodges, 55 Pa. 504.

The assent of the nonsigning party may be inferred from the circumstances: Flannery v. Dechert, 13 Pa. 505; Pratt v. Harding, 30 Pa. 525; Swisshelm v. Laundry Co., 95 Pa. 370.

OPINION BY SMITH, J., February 19, 1898:

It is objected by the appellee that neither the charge nor the evidence is on the record before us; since it does not appear that the charge was filed by the judge's direction, at the request of a party, before verdict, and there is no bill of exceptions to any of the evidence, or to any portion of the charge.

This objection is based on a phase of practice which has, within the last twenty years, been in large measure superseded. All the cases holding that the charge becomes part of the record only when filed at the request of a party, before verdict, were decided under the act of 1806, and prior to the Acts of March 24, 1877, P. L. 38 and May 24, 1887, P. L. 199. In the practice under the latter acts, such request has not been required. And under the act of 1806, an exception to the charge has never been held necessary: Wheeler v. Winn, 53 Pa. 122. Excep-

tions to evidence are required only when the question of its admissibility is presented; when there is no objection there is no ground for an exception. Instead of authentication by a bill of exceptions, both evidence and charge are placed on the record as directed by the act of 1887. The procedure in this respect has been repeatedly stated by the Supreme Court; notably in the cases of Rosenthal v. Ehrlicher, 154 Pa. 396; Connell v. O'Neill, 154 Pa. 582; Com. v. Arnold, 161 Pa. 320; Woodward v. Heist, 180 Pa. 161; Harris v. Traction Co., 180 Pa. 184. It may be thus summarized:

1. It is the duty of the stenographer to take complete and accurate notes of the proceedings, evidence and charge, and to transcribe, for filing, a longhand or typewritten copy; but this transcription may be omitted in the discretion of the court, with the consent of counsel.

2. Exceptions noted by the stenographer, by direction of the judge, are equivalent to the formal sealing of a bill of exceptions.

3. The stenographer has no authority to note an exception except by direction of the judge.

4. To become part of the record, the copy of the stenographer's notes must be certified to by the stenographer, and approved by the judge and filed by his direction.

5. The stenographer's certificate must set forth, in substance, that the proceedings, evidence and charge are contained, fully and accurately, in the notes taken by him on the trial, and that the copy filed is a correct transcript of the same. It must be signed by the stenographer, and not in a firm name or by deputy.

6. The judge's certificate must show, in substance, his belief that the transcript is correct, and that it is filed by his direction.

7. Transcripts of the proceedings and evidence, and of the charge, with the requisite certificates, may be filed together or separately.

In the present case, the certificates contain, in substance, the matters required to place the proceedings, evidence and charge before us, and properly present them for review.

The plaintiff alleges, as the ground of action, a contract for his employment, made by P. J. Cunningham as representative

of "The Cunningham Piano Company," named as defendant. The defendant denies that such contract was made. As to the contract in question, the trial judge instructed the jury, in substance, that if Mr. Cunningham had authority to make it, and they believed the allegation of the plaintiff in relation to it, it was a valid contract, but that if there was no more than a proposal to be afterward acted on, the defendant would not be bound without such subsequent action; also, that it is not necessary for both parties to sign a contract, but that if one signs, and the other assents to it, and directs performance by the party signing, it is a valid contract. As to the measure of damages, he instructed the jury that it was the plaintiff's duty to seek other employment, and that his earnings in such employment, during the period embraced in the contract, should be deducted from the compensation contracted for. These instructions are assigned for error.

As to the authority of Mr. Cunningham to make the contract, the assignments are apparently based on the theory that the defendant is a corporation. It is not entirely clear, however, that such is the fact. In the names of the parties, as presented in the paper-books, the defendant is not described as a corporation; and as the declaration is not printed, we cannot say that the defendant is therein so described. The defendant's name indicates nothing on this question. In the business nomenclature of the day, a designation of corporate form is frequently adopted by a partnership, general or limited, and sometimes by an individual. In a case before us at the present term, the plaintiff was an individual named, trading as the "Street Railway Advertising Company." Neither a charter nor other direct evidence of incorporation was offered. From occasional passages of the testimony, however, it is apparent that the parties regarded the defendant as a corporation, and from these the jury might find what the parties assumed as a fact. At the same time, the evidence of Mr. Cunningham's authority to make the contract in question is quite equal in probative force to that of the defendant's corporate existence. In his own testimony on the subject, Mr. Cunningham leaves it to be inferred that he did not possess this authority, but he does not directly and expressly deny his possession of it. There was evidence that he employed others without reference to the board of

directors; and in not referring to the board the question of the plaintiff's employment he exercised the power of deciding it independently of that body. The extent of his authority is material only if the defendant is a corporation, and the evidence, positive and negative, respecting both questions, was sufficient to justify their submission to the jury. The question of Mr. Cunningham's authority is not to be decided on his own testimony alone; it must be determined from all the evidence on that subject. The assignment of errors to the charge must also be weighed in connection with the entire context. When so considered it appears that the learned trial judge submitted all controverted questions, resting in parol, to the jury. The charge, in its references to the evidence, is, as a whole, entirely fair, and the passages assigned for error do not seem to us of a character to mislead the jury.

The instructions complained of are fully warranted by both the law and the evidence. If both parties assent to the terms of a contract, embodied in writing, their assent creates a valid contract without reference to signature, except where signing is expressly required by law. Assent is most readily shown by signature, but it may also be shown by the acts of the parties with reference to the matter in hand. If, in the present case, the jury believed that the parties agreed to the stipulations noted by the defendant's bookkeeper, as testified to by the plaintiff, those stipulations formed a contract binding on both. If, however, the matters thus noted were not finally assented to, but left for further action, there would not be the union of wills on the subject essential to a contract. The question was submitted to the jury, with adequate instructions; and the evidence on the part of the plaintiff, believed as it was by the jury, furnished adequate ground for the verdict.

The instruction as to the measure of damages was certainly as favorable as the defendant was entitled to. When an employee is discharged, without sufficient cause, before the end of his term of employment, he is prima facie entitled to recover his wages for the full term. He may hold himself in constant readiness to perform, and recover as for performance. Even if bound to make reasonable effort to obtain other employment, the burden of proof is on the employer to show that he obtained or might have obtained it: King v. Steiren, 44 Pa. 99; Wolf v.

Studebaker, 65 Pa. 459; Emery v. Steckel, 126 Pa. 171. There is no evidence that the plaintiff in this case neglected any opportunity of employment, and full allowance was evidently made for his actual earnings. The difference between these and the stipulated salary he was entitled to recover from the defendant.

Judgment affirmed.