## Speier *v.* Locust Laundry, Appellant.

*Master and servant—Contract of employment—Distinct covenants—Consolidation of action.*

Where a contract of employment admitted to be an entire contract provides for the payment of weekly installments of wages and also provides that certain personal property belonging to the plaintiff should become vested in the defendant at the end of the contract upon the payment of a stated sum by the defendant to the plaintiff, and the plaintiff after an alleged wrongful discharge brings suit before the termination of the contract, for the stated amount, and after the termination of the contract brings a suit in another Court of Common Pleas of the same county for the wages due, the two actions may be consolidated in one of the courts and the plaintiff may be permitted to amend his statement in the consolidated action so as to join both claims. Such a consolidation of the action is not a "transfer of cases" within the meaning of Rule 5 of the Court of Common Pleas of Philadelphia.

Where a suit has been brought by an employee against his employer to recover an installment of wages after an alleged wrongful discharge, an adjudication that the discharge was in fact unlawful in such suit, is res adjudicata as to that question in a subsequent suit for another installment of wages.

Where a contract of employment contains not only a provision for the payment of wages, but also a provision for the payment by the employer to the employee for certain personal property of the plaintiff, upon the termination of the contract, a suit for wages for an alleged wrongful discharge before the contract was terminated does not bar the plaintiff from bringing an action after the termination of the contract for the money due him for the personal property.

Where a servant has been discharged before the expiration of his term of employment without sufficient excuse, he is nevertheless bound to use reasonable efforts to obtain employment elsewhere; but the burden of showing that by reasonable efforts he might have found such employment, is upon the defendant.

*Appeals—Assignments of error—Practice, Supreme Court.*

An assignment of error which simply avers, in the language of the pleader, that the court erred in this or that respect, is insufficient. The judgment, decree or final order must be set out in the assignment.

Argued Nov. 26, 1915. Appeal, No. 265, Oct. T., 1915, by defendant, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1912, No. 4952, making absolute rule to consolidate actions and to amend statement in case of Herman Speier v. Locust Laundry. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Rules to consolidate actions and to permit amendment of statement.

The facts appear by the report of the former appeal, 56 Pa. Superior Ct. 323, and by the opinion of the Superior Court.

*Errors assigned* were in the following form:

1. The learned court erred in making absolute the plaintiff's rule to consolidate the action pending in the Court of Common Pleas No. 3, of Philadelphia County, as of December Term, 1912, No. 3697, with the case pending in the Court of Common Pleas No. 1, of Philadelphia County, as of December Term, 1912, No. 4952.

2. The learned court erred in making absolute the plaintiff's rule to show cause why the statement of claim filed in the cause should not be amended.

3. The learned court erred in making absolute the plaintiff's rule for judgment for the amount in which the affidavit of defense is insufficient.

4. The learned court erred in not holding that the affi-

99, (1916).]    Assignment of Errors—Arguments.

davit of defense of the defendant, and its plea in abatement were good defenses.

5. The learned court erred in not holding that the actions previously brought in the Court of Common Pleas No. 3, of Philadelphia County, upon the same contract, were a bar to the present suit.

6. The learned court erred in not holding that but one action could be brought for a single breach of the same contract.

7. The learned court erred in not holding that the present action was improperly brought in indebitatus assumpsit.

8. The learned court erred in not holding that the contract subsisting between the parties was entire and indivisible.

9. The learned court erred in not giving judgment on the pleadings in favor of the defendant.

*Chas. S. Wood,* for appellant.—The court erred in making absolute the plaintiff's rule to consolidate the action pending in the Court of Common Pleas No. 3 with the present cause: Todd v. Quaker City, Etc., Ins. Co., 9 Pa. Superior Ct. 371; Brennan's Est., 65 Pa. 16; Gannon v. Fritz, 79 Pa. 303; Bair v. Hubartt, 139 Pa. 96; Webster v. Coal and Coke Co., 201 Pa. 278; Trescott v. Bank, 212 Pa. 47; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290; Haines v. Young, 13 Pa. Superior Ct. 303; Kunkel's Est., 21 Pa. Superior Ct. 200.

Furthermore, the plaintiff's pleadings are defective, and do not set forth a legal cause of action because they must (1) declare specially on the contract; (2) must aver performance or excuse of nonperformance to time of discharge; (3) must aver continued readiness and willingness to perform to the end; (4) must aver it was for period plaintiff was prevented from performance. The plaintiff must show he made efforts to obtain employment and failed: Emery v. Steckel, 126 Pa. 171.

*Henry J. Scott*, with him *Reuben Levi*, for appellee, cited on the merits of the case: National M. E. B. Co. v. Am. M. E. B. Co., 246 Pa. 78; American, Etc., Steel Company v. Hotel Company, 226 Pa. 461; Elm City Lumber Company v. Haupt, 50 Pa. Superior Ct. 489.

Cited as to the right of appellee to consolidate the actions: Meikle v. Ins. Co., 243 Pa. 557; Hershey v. Kerbaugh, 242 Pa. 227; Stradley v. Bath Portland Cement Co., 228 Pa. 108; Pennock v. Kennedy, 153 Pa. 579; Schwan v. Kelly, 173 Pa. 65.

OPINION BY RICE, P. J., May 8, 1916:

The judgment of this court on the former appeal (56 Pa. Superior Ct. 323) did not abate the action. The plaintiff still had two actions pending, the present one and the prior action in C. P. No. 3; both claims arose directly out of the same contract, which was conceded by the pleadings to be an entire contract; both claims were due at the inception of the first suit; both were money demands; and both involved, if they did not entirely depend upon, the same breach of contract, namely the wrongful discharge of the plaintiff. As was further pointed out in the opinion rendered on the former appeal there is no conceivable reason why both claims could not be joined in one action, and there are many good reasons why they should be. It follows that the defendant's objection against being compelled to defend both actions was good and still remained notwithstanding the judgment entered by this court on the former appeal. But this objection did not go to the merits of either action, and could be removed. This being the situation, the plaintiff obtained orders, (1) consolidating the two actions; (2) permitting him to amend his statement so as to join both claims, and subsequently amended his statement accordingly. If the purpose and effect of the first of these orders had been simply to transfer the case pending in C. P. No. 3 from that court to C. P. No. 1 for trial in connection with the case pending in the latter

court, there would be merit in the appellant's contention that the order was not authorized by Rule 5 of the Common Pleas, entitled, "Transfer of Cases." But as shown by the petition such was not the purpose for which the order was applied, and when the order is considered in connection with the order permitting the plaintiff's statement to be.amended, it is very clear that such was not the effect. The object was to correct the mistake the plaintiff had made in splitting up his demands, and it is needless to say that he had not irretrievably lost his right to recover either of them by that initial mistake. By obtaining the first order and then amending his statement pursuant to leave of court granted by the second order the plaintiff as effectually precluded himself from further prosecuting the action in C. P. No. 3, as if he had discontinued it, (which unquestionably he might have done) and at the same time put himself in position to recover his entire demand, if the facts warranted such recovery. Thereby the technical objection, originally pleadable in abatement, was removed and the substantive rights of both parties were preserved. The action of the court, viewed as a connected whole in the light of the special facts of the case, was outside of and not supported by Rule 5 of the Common Pleas, it is true, but it was not in violation of it and was eminently fair and just, as well as legal.

The amended statement of claim embraced the two demands which had been embraced in the two actions thus consolidated. They were, first, for the salary accruing between March 23, 1912, and November 28, 1912, the end of the contract period, second, for the money due under the clause of the contract relating to the wagon, harness, route, etc. It is alleged in the statement of the claim and admitted in the affidavit of defense that the plaintiff, upon being discharged from employment on March 9, 1912, brought three separate actions for $25.00 each, being the salary due for the weeks ending March 9, March 16, March 23, 1912, which actions, having been

brought into the Common Pleas by appeal, were put at issue, tried together, and resulted in verdicts in plaintiff's favor for the sums claimed, with interest, and which the defendant satisfied by payment. Both parties concur in claiming that these former recoveries have a conclusive effect in the present issue, but they differ as to what that effect is. The plaintiff's contention is that they are conclusive upon the question of the wrongfulness of his discharge, which the defendant by its affidavit of defense attempts to raise; while the defendant contends that they are a complete bar to the present action.

We fail to see how they can be held to be a bar to the action so far as it relates to the clause of the contract whereby, at the expiration of eighteen months from the date of the contract and upon payment by the defendant to the plaintiff of $350.00, the title to the property should vest in the defendant. Evidently the parties intended that vesting of the title and payment of the price should occur at the same time. There is nothing in the contract, and no principle of law, that put it in the power of the defendant, at its own ex-parte election, to advance the time when the title would vest; and if it could not do that directly, it could not do it indirectly by wrongfully discharging the plaintiff and thus breaking the contract. The plaintiff was not bound to take back the property when he was wrongfully discharged, even though it was tendered, but had a right to wait until the expiration of the eighteen months before asserting his claim under this clause of the contract. It follows that he was not barred from recovering it by not including it in the actions for salary brought by him long before the expiration of that period.

So far as the demand for balance of salary not sued for and recovered in the first three actions is concerned, the decision of the main question is ruled by Allen v. International Text Book Company, 201 Pa. 579, and Stradley v. Bath Portland Cement Co., 228 Pa. 108. In the first of these cases it was held that where a person

is employed for a definite period at a fixed salary payable in weekly installments, and is discharged during the period, and two weeks afterwards sues for two installments of his salary and recovers a judgment which is paid, such a judgment conclusively establishes the wrongfulness of the discharge, and in an action brought after the period of employment had expired to recover salary for the balance of the year, the question of the wrongfulness of the plaintiff's discharge cannot again be inquired into, and the defendant is confined to proof of payment, or release, or of facts in mitigation of damages. The same principle was recognized and applied in the Stradley case where it was further held, that where an employee under such a contract has been wrongfully discharged, he can, if he sees fit bring a separate action as each installment of salary falls due; yet if no action is brought until more than one is due, all installments that are then due must be included in the one action; and if an action is brought when more than one is due, a recovery in such action will be an effectual bar to a second suit brought to recover installments which were due at the time of the inception of the first action; and this on the theory that a judgment settles everything involved in the right to recover, not only matters that were raised, but those which might have been raised. It is argued by appellant's counsel that at the time of obtaining judgment in the first of the three actions above referred to "at least four weeks' salary was due, and in taking judgment for only one week the three weeks omitted must at least be deducted from the present claim under the reasoning in Stradley v. Bath Portland Cement Company." This contention cannot be sustained. The question, under the principle of that decision, is not what installments of salary were due at the time of taking judgment in that action, but what were due at the time of bringing suit, and as it does not appear by the record of the action, as printed in the appellant's paper book, that any other installment than the one for which

the action was brought was due at that time, the recovery therein was not a bar to the recovery of subsequently accruing installments.

Some criticism is made of the plaintiff's statement of claim, but we think they are not well founded. The plaintiff averred in his statement "that he performed his duties and faithfully carried out the terms of the contract"; that he was paid the stipulated salary from the beginning of his employment until the week commencing March 2, 1912; that at the end of that week he was discharged without cause and payment of salary was refused; and that under the terms of the contract the defendant owed him, at the time of plaintiff's suit the balance of $25.00, per week for each and every week from March 23, 1912, until the termination of the contract, to wit: November 26, 1912. These averments were sufficient in form and substance to require an affidavit of defense. True, where a servant has been discharged before the expiration of his term of employment, without sufficient excuse, he is nevertheless bound to use reasonable efforts to obtain employment elsewhere; but the burden of showing that by reasonable efforts he might have found such employment is upon the defendant: Emery v. Steckel, 126 Pa. 171; Coates v. Allegheny Steel Co., 234 Pa. 199; Heyer v. The Cunningham Piano Co., 6 Pa. Superior Ct. 504. There is no allegation in the affidavit of defense that the plaintiff in this case neglected any opportunity of employment and in entering judgment the court evidently made full allowance for his actual earnings under the employment that is averred.

The assignments of error are justly criticised by the appellee's counsel; they are defective under the principles enunciated in Prenatt v. Messenger Printing Co., 241 Pa. 267, and Browarsky's Est., 252 Pa. 35. We have, however, considered the questions sought to be raised by them.

The assignments of error are overruled and the judgment is affirmed.