# Seiler v. New York Ice Cream & Creameries, Inc., Appellant.

*Master and servant—Action for salary—Testimony—Books of account.*

In an action by an employee against his employer for salary it is not error for the court to refuse to permit a witness for the defendant to testify that the books of defendant showed that payments of salary had been made to plaintiff, if it appears that the books were not offered in evidence, and the witness was permitted to testify fully as to all payments.

Where a servant has been wrongfully discharged, he is prima facie entitled to wages for the full term provided by the contract of employment, and the burden of proving he did work, or might have worked, during the period, is upon defendant.

In such a case tried by the court without a jury, the failure of the judge to give all the damages warranted by the evidence, is an injury to plaintiff, of which defendant has no right to complain.

Argued Nov. 14, 1918. Appeal, No. 130, Oct. T., 1918, by defendant, from judgment of Municipal Court, Philadelphia Co., Jan. T., 1918, No. 278, for plaintiff on case tried by the court without a jury in suit of Sam Seiler v. New York Ice Cream & Creameries, Inc. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for salary.

The case was tried by MACNEILLE, J., without a jury.

At the trial the plaintiff claimed that he was wrongfully discharged, and that there was due to him $400.

When Antonio Rogalski, treasurer of the defendant, was on the stand, he was asked this question:

Q. Do you enter all the accounts for money paid for labor and all those accounts in your books?

A. Yes.

Q. Can you tell us whether you have on your books an entry of any money paid to Mr. Seiler?

Objected to. Objection sustained.

The Witness: Yes.

Mr. Rose: I ask that the answer be stricken from the record.

The Court: Strike the answer out.

Exception (1).

The books of the defendant were not produced in court.

The trial judge entered judgment for plaintiff for $330. Defendant appealed.

*Errors assigned* were (1) rulings on evidence quoting the bill of exceptions; (2, 3) in entering judgment for plaintiff for $330.

*B. D. Oliensis,* with him *Harry N. Brenner,* for appellant, cited: Rightmire v. Hirner, 188 Pa. 325.

*Abraham M. Rose,* for appellee, cited: Heyer v. Cunningham Piano Co., 6 Pa. Superior Ct. 504.

OPINION BY WILLIAMS, J., January 3, 1919:

Defendant hired plaintiff as farm manager at a salary of $100 per month and agreed to give him sixty days' notice to terminate the employment, such notice to date from the end of the next calendar month. Plaintiff worked from October 14, to November 24, 1917, when he was dismissed without notice, and as he testified, without payment. The court below, sitting without a jury, found for plaintiff, and judgment was entered for $330. Defendant appealed.

The first assignment relates to the refusal of testimony that the books of defendant showed payments of salary had been made to plaintiff. Inasmuch as the books were not offered in evidence and the witness was permitted to testify fully as to all payments we see no harm to defendant in the rejection.

The second and third assignments raise two questions: (1) must plaintiff prove he did not work during the period for which he demanded salary; and (2) is the failure of the court to give plaintiff as much damages as the finding might warrant, reversible error?

Plaintiff, having been wrongfully discharged, was prima facie entitled to wages for the full term provided by the contract, and the burden of proving he did work, or might have worked, during the period, was upon defendant: Heyer v. The Cunningham Piano Co., 6 Pa. Superior Ct. 504. There was no such proof.

The failure to give all the damages warranted by the evidence was an injury to plaintiff, of which defendant has no right to complain.

The judgment is affirmed.