## Weidner v. Augustine Construction Co.

*Conlen, LaBrum* and *Beechwood*, for plaintiff.
*I. Bernard Rotberg*, for defendant.

CRUMLISH, J., July 22, 1946.—■ Plaintiff brings this action in assumpsit for breach of a written contract of employment against either the Augustine Construction Company, a corporation, or Andrew Augustine, president of the said corporation. The suit is in the alternative under Pa. R. C. P. 2229 (b). In his statement of claim plaintiff alleged that on June 1, 1942, defendant, Andrew Augustine, acting on behalf of, or purporting to act on behalf of, defendant Augustine Construction Company, entered into a written contract of employment with plaintiff whereby it was agreed that plaintiff would work for the company as a practical engineer for a five-year period, i.e., from June 1, 1942, to June 1, 1947. Plaintiff was to receive $75 per week and in addition a bonus of $100 each month for the said period. Plaintiff further alleged that he worked continuously from June 1, 1942, to December 26, 1944, when he was notified by Andrew Augustine that his employment was terminated; that plaintiff offered to continue to work for the company, but the company refused to permit him to work and still refuses his offer to work; that he has been damaged and will be damaged by reason of the company's refusal to permit him to work and that the amount of his damages is $12,135.89.

■ Plaintiff's statement of claim was served on the company on May 6, 1946, and on individual defendant on May 9, 1946. On June 6, 1946, defendants filed two motions: (a) A motion to strike plaintiff's statement of claim because (1) the use of the word "and" in the caption violates Rule 239 of the Courts of Common Pleas, (2) such joinder indicates joint liability whereas the statement alleges liability in the alternative and consequently there is a variance between the caption and the statement, (3) plaintiff's allegation as to damages he has suffered and will suf-

fer is "lumped" in the sum stated above, (4) as defendant does not know how the figure was reached he is unable to make a specific and complete reply thereto, (5) plaintiff's statement is incomplete and indefinite in that it does not set forth specific averments to substantiate the alleged damages, (6) that no facts are averred sustaining the amount claimed as damages or fixing the amount claimed, and (7) defendants are entitled to specific information in plaintiff's statement in support of the amount claimed to enable defendants to answer plaintiff's averments as to damages; and (*b*) a motion for a more specific statement of claim for the reasons set forth above from (2) to (7). Rules were granted on both motions.

■ Briefs were filed and in answer to plaintiff's argument that defendants' rules must be discharged, since they were filed after 15 days after service of the statement of claim, defendants filed a supplemental brief setting forth a letter which plaintiff's attorney sent to defendants' attorney on May 28, 1946, which stated: ". . . we hereby extend the period within which you are to file an Affidavit of Defense to *or motion with respect to* our Statement of Claim ten days from this date." (Italics supplied.) Section 21 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of May 23, 1923, P. L. 325, 12 PS §491 and Rule 55 of the Courts of Common Pleas of Philadelphia County require that a motion to strike a pleading be filed within 15 days after service on the opposite party. Rule 55 also requires that a motion for a more specific statement of claim be filed within the same period. The provision contained in the Practice Act has been held to be mandatory and cannot be extended by the court. In Cameron v. Fishman, 291 Pa. 12, 14, 15 (1927), it was stated:

"However, a motion to strike from the record any pleading must be filed within fifteen days after a copy of such pleading has been served on the opposite party or counsel. When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice: Bleecker v. Wiseburn, 5 Wend. (N.Y.) 136; Harris v. Mercur, 202 Pa. 313; Singer v. D. L. & W. R.R. Co., 254 Pa. 502; Mindlin v. O'Boyle, 283 Pa. 352. The part of the Act of 1915 amended by the Act of 1923 is mandatory, and neither this court nor the court below can extend the time therein fixed by the legislature. The Act of 1923 particularly adds to section 21 of the Act of 1915 the provision that all motions to strike pleadings from the record must be filed, etc., within fifteen days, using the mandatory 'shall', and, since this 15-day provision is the sole purpose of the amendment, it is apparent that section 22 of the Act of 1915, giving the general right to extend the time fixed by the statute 'for the filing and service of any pleading,' has no application; a motion to strike matter from the record is not, strictly speaking, a pleading. The defendant did not file his motion within the time prescribed, nor did he file an affidavit on the merits; hence the court below had no alternative. Its duty was to enter judgment, which it did." See also Line-O-Scribe v. Economy Food Mart, 47 D. & C. 570 (1943).

A motion to strike a statement of claim made in judge's chambers within the 15-day period did not comply with the act, which requires service on the opposite party: Blackwell v. Joseph, 7 D. & C. 790 (1926). Rule 55 was likewise held mandatory and impossible of waiver by the court: White v. Philadelphia Rapid Transit Co., 21 D. & C. 470 (1934). It has been held that although the act requires a motion to strike be filed within 15 days, that such

does not apply to a motion for a more specific statement: Jones v. Steel, 9 Wash. Co. 20 (1928) citing Riling v. Idell et al., 291 Pa. 472, 475 (1927). Although the court may not waive the mandatory provision of the statute, nevertheless, where one of the parties does so, either himself or through his attorney, then we may consider the waiver as binding on that party and we so now hold. The same ruling applies to the question of waiver of Rule 55. The 15-day period is set up to require the opposite party to answer so that the matter in issue may be expeditiously determined. If in their negotiations the parties themselves come to an agreement with respect to the date of filing of papers extending the period provided in the act such agreement will be honored by the court, and a party so agreeing will not then be permitted to argue that the provision of the act or the rule of court is mandatory and that he had no power so to agree. Such agreements are an established part of the practice of law in this county. Any ruling but that here made would be contrary to the custom and usage of the bar and would seriously jeopardize our established practice.

■ We cannot agree with defendants' contention that plaintiff's statement of claim should be stricken because in the caption the word "and" is used instead of the word "or", thus violating Common Pleas Rule 239 which requires that the word "or" be used in the caption to indicate when parties are being sued in the alternative. Plaintiff's statement of claim clearly indicates that the action is against the joined defendants in the alternative. Defendants can suffer no possible harm by reason of plaintiff's error. In concluding that defendants' motion to strike based on this ground must be denied we rely on Judge Reno's opinion in Fulton v. Arnold, 10 D. & C. 281, 282 (1927), wherein it was stated:

8

"Accordingly, and following obiter dicta in Schleicher v. Hunsicker, 10 Lehigh Co. L. J. 181; 4 D. & C. 309, we rule that unless a party can affirmatively show that by the failure of his adversary to comply literally with the provisions of the Practice Act, he is actually and in fact, not fancifully or theoretically, injured or prejudiced by a pleading, or that the preparation of an adequate answer is rendered more than ordinarily difficult, or the preparation for trial upon the merits is rendered unduly perplexing, or that a failure of justice may result, we shall overrule motions to strike off. In other words, a pleading will not be stricken off whenever a complaining party shows that his adversary has violated the letter of the act; he must show a resultant injury clearly, infallibly and positively." Leave will be granted plaintiff to amend the caption to comply with the requirements of Rule 239.

■ Neither are we in accord with defendants' other reasons cited to substantiate his motion to strike and his motion for a more specific statement of claim. Defendants complain that the damages claimed by plaintiff are lumped and argue as to the specific loss suffered, we are unaware as to whether he was unemployed during any period of time, and if so, how long; whether there was partial earnings; whether the amount claimed covers both wages and bonus we continue in the dark; Speier v. Locust Laundry, 63 Pa. Superior Ct. 99 (1916). We cannot agree with the contention that the damages as stated are "lumped" and therefore defectively pleaded. An allegation of damages is defective on this basis where several types of losses in differing amounts are not properly itemized: Prosewicz v. Gorski et ux., 151 Pa. Superior Ct. 309 (1943) ; Redington Hotel v. Guffey, 148 Pa. Superior Ct. 502 (1942). That is not the situation here, where plaintiff sues for the amount

due under a contract of employment by reason of his alleged wrongful discharge, and where the contract sets the amount to be received for a definite term. It is the rule in Pennsylvania that damages are either general or special. If they are the former type they need not be specially pleaded to be proved, whereas special damages must be specially pleaded. In Parsons Trading Co. v. Dohan et al., 312 Pa. 464 (1933) Mr. Justice Drew stated at page 468:

"Damages are either general, those which are the usual and ordinary consequences of the wrong done, or special, those which are not the usual and ordinary consequences of the wrong done, but which depend upon special circumstances. General damages may be proved without being specially pleaded (Clark v. Steele, 255 Pa. 330; Leonard v. B. & O. R.R. Co., 259 Pa. 51), the averment of the facts showing the wrong done being sufficient to entitle plaintiff to establish them. Special damages, on the other hand, may not be proved unless the special facts giving rise to them are averred: Laing v. Colder, 8 Pa. 479; Stanfield v. Phillips, 78 Pa. 73. See Leonard v. B. & O. R.R. Co., supra."

Here plaintiff is claiming for the ordinary and usual consequences of the wrong alleged. Where plaintiff sues for wrongful discharge he may treat the contract as existing and sue for his salary as it becomes due. However, in each action he must include all the instalments due: Allen v. Colliery Engineers' Co., 196 Pa. 512 (1900) ; Stradley v. Bath Portland Cement Co., 228 Pa. 108 (1910). Or, the employe may treat the contract as breached and sue for the full amount, in which case he may have only one action for the breach: Allen v. Colliery Engineers' Co., supra; 3 Standard Pa. Practice p. 69. It appears that here plaintiff has adopted the latter alternative. In any case the employe is bound to use reasonable efforts to obtain employment elsewhere, but the burden of showing that

10

employment might have been found by the use of such efforts is upon defendants. In King & Graham v. Steiren, 44 Pa. 99 (1862) plaintiff sued for breach of a contract of employment. Defendants had agreed to pay him a certain sum for operating their chemical department for nine months. Plaintiff tendered his services, but defendants refused them, whereupon plaintiff sued for the full amount due under the contract. In its charge, the trial court stated (p. 101):

"But when the parties themselves have fixed the wages to be paid, the question arises whether the party undertaking to render the service need prove more than the terms of the agreement and his offer to perform his part, and there rest." . . .

" 'But where the price is fixed by the parties themselves, that amount is, prima facie, to be taken as stipulated damages: . . .": (p. 102).

The Supreme Court affirmed the lower court's charge, holding that all evidence in mitigation must be given by the defendant. See also Kirk v. Hartman & Co., 63 Pa. 97 (1870), Emery et al. v. Steckel, 126 Pa. 171 (1889), Heyer v. The Cunningham Piano Co., 6 Pa. Superior Ct. 504 (1898), Stone v. C.I.T. Corp., 122 Pa. Superior Ct. 71, 77 (1936). For a general discussion of the question of an employer's burden of showing mitigation see 134 A. L. R. 257 et seq. In School Dist. v. Nash, 27 Colo. App. 551 (1915) the Court of Appeal of Colorado stated that it had only been able to find one State, Kentucky, which holds that in an action for breach of a contract of employment the complaint must state that subsequent to the wrongful discharge plaintiff made reasonable efforts to obtain other employment and failed or that he thereafter secured other employment and earned a certain sum. On the contrary, such matters are for the employer to show, and, if he fails to do so, the employe is entitled to judgment for the

full amount due for the unexpired term following the wrongful discharge. Finally, defendants' argument is fully answered by Rice, P. J., in Speier v. Locust Laundry, supra, at page 106:

"Some criticism is made of the plaintiff's statement of claim, but we think they are not well founded. The plaintiff averred in his statement 'that he performed his duties and faithfully carried out the terms of the contract'; that he was paid the stipulated salary from the beginning of his employment until the week commencing March 2, 1912; that at the end of that week he was discharged without cause and payment of salary was refused; and that under the terms of the contract the defendant owed him, at the time of plaintiff's suit the balance of $25.00 per week for each and every week from March 23, 1912, until the termination of the contract, to wit: November 26, 1912. These averments were sufficient in form and substance to require an affidavit of defense. True, where a servant has been discharged before the expiration of his term of employment, without sufficient excuse, he is nevertheless bound to use reasonable efforts to obtain employment elsewhere; but the burden of showing that by reasonable efforts he might have found such employment is upon the defendant: Emery v. Steckel, 126 Pa. 171; Coates v. Allegheny Steel Co., 234 Pa. 199; Heyer v. The Cunningham Piano Co., 6 Pa. Superior Ct. 504." See also Repsher v. So. Bethlehem, 6 Northampton 226 (1898). In his statement of claim, plaintiff has set forth the material averments listed above, and thereby has met the burden required of him. He does not have to go further.

■ Accordingly, defendants' rule for a more specific statement of claim and that plaintiff's statement of claim be stricken are discharged. Leave is granted

plaintiff to amend the title of this action by striking the word "and" in the caption and inserting instead the word "or".